The first case, 143996, William Long et al. v. Insight Communications, arguments not to exceed 15 minutes per side. Mr. Greenwell, for appellate. Good morning, Your Honors. May it please the Court, my name is Matt Greenwell, I represent the appellants. I'd like to request five minutes in rebuttal time. The district court below erred in two respects. First, it misinterpreted the Electronic Communications Privacy Act in finding the good faith exception in this case. And number two, the court went well beyond the scope of a 12B6 analysis, went beyond the pleadings, and determined the state law claims on the merit. In order to properly evaluate the Electronic Communications Privacy Act, or ECPA or SCA, how it's been dubbed in the briefs, one has to look to the underlying and overall purpose of the statute. The statute is not necessarily to encourage participation with law enforcement officers in their investigation, it's the exact opposite. The purpose of the statute is actually to prevent and protect information similar to the Fourth Amendment in the subscriber or end user's personal information or communications via electronic or otherwise. Looking at, I think it's important to look at the two statutes and figure out whether or not you can harmonize the two sections. Section 2703E provides no cause of action, shall lie for providing information assistance in accordance with the terms of a court order subpoena, I'm paraphrasing there. And the other section at issue here is 2707E, which provides that a good faith reliance on a warrant subpoena court order will provide a complete defense to any action. The district court... The real question for us here is what the legal test is for determining good faith, correct? I think that is part of the analysis. I believe, Your Honor, what the court did is expanded good faith and wrote out the reliance portion of it. I guess to answer your question, I would say that the good faith exception that we're talking about is a good faith reliance similar to Leon. We haven't achieved anything in this case. If we just say the district court erred in whatever way, because if we don't get to this whole issue, I mean the primary, the heart of the error you claim, the district court sort of recited, as I recall, a test and then didn't apply that test. If we don't clarify what the test is, then we have not accomplished a thing. I would agree with you, Your Honor. And we're free to look at the available. We don't have any authority on this, right? Correct. I have nothing to say. So we're free to look at the available authorities. And most likely the question for us is whether there's both an objective component. And I agree with that. And I think when you buttress that against where we are procedurally in this case, in a 12B6, I think the court went beyond where it could have. I think in order to determine a subjective good faith belief on the part of Time Warner Cable in this case, you have to at least know who the actor was. I mean, who knows? Maybe it was a rogue actor who was doing this intentionally and got fired because of it. But without discovery, we cannot reach that actual subjective intent. Whether or not it was objective reasonably, maybe from the pleadings you can determine that. But my sense is without that, you need to look and conduct some discovery and reach beyond the pleadings in order to determine the good faith. In order to harmonize these sections, and I realize that the test is the important thing, but this court I think also has to determine the interaction between these two separate sections, which upon first reading, they appear very similar. You have no cause of action will lie versus a good faith reliance defense. I think in order to properly look at it, you have to look at the no cause of action will lie defense in the sense that it is a subpoena court order with absent any defect, any type of problem. There's no reason to question the underlying court order, warrant, or anything like that. And in that regard, you have a reliance on that. You're going to be immune from liability under the statute, and there's no cause of action. The second section I think kind of supplements that in the sense that you have a valid warrant on its face or a subpoena, and at the end of the day it turns out there's a defect, much like your good faith exception to the exclusionary rule, where you have to look at whether or not that was a good faith reliance, whether there was some objective or subjective reason to believe that the underlying warrant or subpoena or whatever had a defect. I understand that your secondary point is that in order for the test to be properly applied, you're going to need to be somewhere other than the current posture of the case. I agree. Could I ask a question about the violation under the ECPA? The conduct constituting the violation is the disclosure without a valid subpoena. Is that correct? That's correct. So if it were a valid subpoena, it wouldn't be a violation? I think it would. It says no cause of action. Does that mean there's no violation? I don't believe so, Your Honor. It could be read that way, though. I could not read it that way. You couldn't read that as not a violation to act? In other words, when you give the information over or whatever it is and you are acting pursuant to a subpoena, you're violating the statute, but there's just no cause of action? That seems like a strange way to read it, doesn't it? Well, I think you violate the statute. It doesn't sound like a violation of the statute when the statute itself says. I guess I'd take you back to a global perspective of the statute. Right, but I'm looking at a very nuts-and-bolts kind of interpretation of the statute for the moment. I mean, we have to look at it in its context. But go ahead. I don't think that's the case. I think even with a valid subpoena, you can violate the statute. I think 2703E may give you grounds to get out of it. But again, in this case, you have in accordance with the subpoena or court order, and that's what the district court, the point I'm making. No, I understand. I understand that it's not in accordance with the court order. That I understand. But a valid subpoena, then, would still be a violation if it's not in accordance with the term of the subpoena, which is in this case. I think it's a very narrow point that I'm arguing here because obviously the statute has set up that. I'm saying, but if it is consistent with the subpoena, then you say it's still a violation, just no cause of action? I mean, it's sort of esoteric. It's sort of like platonic or something. In that situation, if you have a valid subpoena in accordance with the terms and they comply with the terms, I think you're outside the statute. It's not a violation, though, is what I'm asking. You have a no cause of action. Well, if it's not a violation, then here's my question. This is the main question I have. It's a little bit different from Judge Gibbons' question. The section provides that a person aggrieved by a violation of the chapter in which the conduct constituting the violation is engaged in with a knowing and intentional state of mind. So what does that intent relate to? I mean, you would think it would relate to the conduct constituting a violation. And if a violation is constituted of disclosing the information not covered by a valid subpoena, then if a person doesn't know or intend to disclose the information not covered by a valid subpoena, then he doesn't have a knowing and intentional state of mind. Where's the gap in that logic? Do you see what I'm asking? Yeah, and I think the gap stems from the knowing and intentional disclosure under the Act versus, I mean, what exactly does that mean? But the statute says explicitly it's the conduct constituting the violation. That's got to be what the knowing and intentional relates to, right? Right. So you've got to know and intend conduct constituting a violation. Why isn't absence of a valid subpoena part of what constitutes a violation? I guess that's my question. It's the same question I asked a minute ago, but now it's in context. Yeah. No, I think when you look at the statute, and I guess the way I read it, and maybe it's not the correct way, but the way I interpret it is. It's a tough statute. It is. And I think the problem we have is it was enacted or last amended in 86, and you basically have technology and everything that's grown. But to just answer your question really briefly, I believe that the way it's written, that a valid subpoena, you comply with it, I think you're outside, you're protected, you don't have a cause of action. Do you have a violation is the question. I think you do. Okay. And maybe that's just me. Let me ask you this. Maybe they were all asking the same question in different ways. But if I were to state that the issue is whether a negligent response to a valid subpoena deprives one of the good faith defense, would you disagree with that being your issue? I would absolutely not disagree with that, Your Honor. Okay. We'll have your rebuttal tab.  May it please the Court, Jeff Jones on behalf of Apelli, Time Warner Cable. We believe the district court properly dismissed the action below on two grounds. One is the good faith immunity or the common law immunity would be another grounds as well. Or number two, it just fails to state a claim for relief under the various elements of the various causes of action. Do you disagree about the test as being the one articulated, the preferred test as being the one articulated by the district court? The way we would present it, Your Honor, is we think the objective test by itself would be sufficient. The McCrady case adopted that. In other words, was it objectively reasonable? But we also think that the district court's test is a perfectly . . . Well, in that case, where in the district court's order, if we go and look to it, where would we find the analysis that relates to the reasonableness of what Time Warner did? There's no evidence in this case. We don't know whether Time Warner employed efforts to make sure these were responded to with reasonable diligence. We don't know if this was a mere mistake. Nobody's resolved whether a mere mistake is enough to give you the immunity or not. I mean, we don't know if it was a reckless . . . we don't know. I don't see any place the district court articulated a test, and then it sort of . . . I don't see the application of that test fully. So I'm looking at the district court order, and maybe you could show me where I'm wrong about that. Well, Your Honor, I think the court did when it . . . after providing the test, it says the intent of the statute was to provide a defense or provide a response to a subpoena with a good faith belief that it was acting pursuant to that subpoena, although a mistake was made in responding to find otherwise . . . How does the court know that? I mean, obviously it wasn't the right number, but how does the court know it was a mere mistake? Well, Your Honor, I think there is no plausible scenario under which the undisputed facts could be someone was acting knowingly or . . . I mean, we can stare at these two numbers, and we . . . I mean, I have difficulty sometimes finding the difference between them. I mean, it is one digit and a long number. So the problem is not that so much that the district court didn't apply its own test. It assumed that it was a mere mistake, because any other scenario would have been implausible. So that must be what the complaint was alleging? I think that's right, Your Honor, in the sense that there is no plausible . . . Under Twombly or Iqbal, there is no plausible scenario for alleging anything . . . So it's inconceivable that Time Warner would have acted with something other than negligence? It's inconceivable that the whole subpoena response effort could have been set up in such a way as to easily permit this to occur? I mean, maybe it doesn't matter, but, I mean, why is that the only plausible? I mean, are big corporations capable only of making mistakes and not engaging in intentional or reckless behavior? Well, I mean, Your Honor, again, it goes to . . . Twombly and Iqbal say, use our common sense, and common sense says these two numbers are virtually identical. It's almost impossible to see the difference even when you stare at them. It's perfectly understandable that it was a typographical mistake, and they allege it was, quote, a mistake in their complaint. And, in fact, in their brief to this court, they say it is hard to imagine a circumstance in which Time Warner Cable was not behaving in good faith. Okay. So we're to take the word mistake from the complaint? And from the numbers themselves. And, Your Honor, it's very similar to Sam's in the Ninth Circuit. The numbers are similar, but one would think that if you were an employee whose job it was to respond to subpoenas, and the whole basis for identification was the number, that you would think that any reasonable employee might well check and double check both the person who originally supplied it and the person who typed it, if those are two different people. So it's pretty hard. But if the plaintiff alleged mistake, then perhaps that is fatal. Not only did they allege mistake in their complaint, Your Honor, but in their brief to this court they specifically said, quote, for an ISP such as TWC is not disclosing information with a good faith belief. They say that in their brief. Well, the fact that they might know they have a tough case doesn't mean anything factually. Your Honor, it's very similar to Sam's, I submit, where the court said, look, there was discussion about whether the employee knew that the subpoena was somehow invalid, and the court simply reached the conclusion there is no plausible scenario under which you could allege bad faith in this situation. The undisputed facts scream out, and our common sense says that's what it is. Now, there's tens of thousands of subpoenas that Time Warner Cable gets. I mean, if someone gets. . . We have to assume that. We don't know that. There's no record on that. Well, and I only say that as a lead-in to. . . I mean, if someone is involved in a robbery, and they give a license plate, and it's one digit off, we don't sue the witness, or in this day and age, it's see something, say something. We encourage citizens to cooperate with law enforcement. And in the Jacobson case, they cite the legislative intent. Now, admittedly, it's 25-20, but they use the same good faith defense, and the legislative intent of the senators was we do not want to punish people that cooperate with law enforcement. And so it screams out, Your Honor, and to the knowingly and reckless point, knowingly is defined in the legislative history as aware of the circumstances that you're actually engaging in. This is the quintessential inadvertent disclosure. It was one digit off of an otherwise valid subpoena, and inadvertent disclosures are not a, they're not a basis for liability under the statute because they're not knowingly or intentional, and they are also subject to the good faith defense. I submit, Your Honor, that a good faith defense includes inadvertent good faith mistakes, and there is no plausible. Because those are reasonable. As long as they're objectively reasonable. And this court can look at. Those are reasonable as a matter of law? Well, Your Honor, I will, if there is something about the. They have to be reasonable as a matter of law in order for you to win at this stage of the litigation. And, Your Honor, under Twombly and Iqbal, I respectfully submit that it definitely. Twombly and Iqbal don't define any legal standards. Twombly and Iqbal are pleading cases. No, but they do discuss plausibility. They do, but that's not the question we're dealing with. Invoking Twombly and Iqbal in response to this kind of question is not really responsive. But, Your Honor, this is not a strict liability statute. It's not. Nobody is suggesting it is. Well, but there was a question. Let me read from the legislative history on the negligence point. Because the Senate said, quote, the requirement that a violator must knowingly divulge the contents is intended to make clear that reckless or negligent conduct is not sufficient to constitute a violation. It's not sufficient. The reason we use knowingly or intentional, and the reason we have the good faith reliance defense, is precisely to avoid someone coming in and saying, well, you were a witness to a crime, but you were somehow negligent or reckless in providing information. We, the Senate legislative history, specifically says to your question, Judge Guy, which is negligence is not a basis for liability against an innocent provider trying to cooperate with law enforcement. Is that legislative history in your brief? Yes, it's cited in our brief. It's under the, I could find the page, but it's a reference to the Senate report. And the House report says the same thing, which is that reckless or negligent conduct is not a basis for a violation under the statute. And, Your Honor, if I could, if you look at the other three exceptions to the good faith defense section, there's three subsections there. One talks about grand jury and legislative authorization. The next one talks about emergencies. It refers to law enforcement emergencies in the first 48 hours where law enforcement thinks there is something going on. And the third one talks about exigent circumstances where law enforcement gets some approval of an AG. But the point of that, Your Honor, is when you look at the other exceptions under the good faith reliance section, those sections are talking about exigent circumstances where law enforcement is asking people to cooperate very quickly. And there's going to be mistakes. There's going to be mistakes. But we don't hold witnesses or companies or other entities liable for making mistakes with respect to a good faith reliance on a law enforcement request that otherwise complies with the statute. And that's all Time Warner Cable did here. Your Honor, with respect to the 12B6 issue, and I apologize for if I don't want to go over. You're still on green as far as we can see. Okay, yes. I don't see. Okay. I'm sorry. But if you look at the Sam's case was a 12B6 case where the Ninth Circuit found that it should be dismissed on the good faith defense. The McCready case, the Seventh Circuit, was a 12B6 case where they applied the good faith defense. The Banzo case in the Third Circuit was also a 12B6. The Chloe case in the Central District of California was 2012, was a 12B6 case. And, Your Honor, all of those cases did apply. I understand. And, yes, Twombly does not answer the question here. But those courts applied Twombly and Iqbal to say, look, there is no plausible scenario under which you could allege anything other than a good faith effort to comply with a subpoena or a court order. And I respectfully submit that that same basic reasoning is what the district court did as well. The court applied Iqbal and Twombly to the question of whether or not there's any other plausible explanation or, Your Honor, whether any other plausible facts. If they had pled something like Time Warner Cable, you know, had a vendetta against this plaintiff, or they pled other facts that would somehow get out from under the law that applies to this particular statute, that may be a different scenario. But there's no such facts pled in this complaint. Mr. Jones, the language you referred to from the legislative history does not, strictly speaking, relate to the good faith defense, does it? It relates to 2702, doesn't it? Well, it's speaking to the knowingly or intentionally. Right. That's not in the good faith defense language.  But, Your Honor, I submit if the legislative – Let me just answer my question. My question is it doesn't have – It's not on the good faith defense. Right. Thank you. And I only argue that – I don't mean to be firm, but I mean you need to talk about what I'm asking you about, not what you want to talk about. Well, and I apologize. I only mean that to say that if the legislative history is such that neither reckless nor negligent conduct is a basis for a violation because of the knowingly or intentional language, that we can fairly use that legislative history in also looking at the good faith reliance, and that the intention of the legislature and of Congress – I'm sorry, of Congress was not to impose liability on an inadvertent mistake. Your Honor, even if you look at their case, the Friedman case, the Friedman case catalogs a number of courts that have repeatedly said, quote, And the word inadvertent is used repeatedly. It's used repeatedly by these courts, and it's used repeatedly by Friedman. And I respectfully submit, Your Honor, that on the undisputed allegations here, it's an inadvertent disclosure that screams out to, I think, everyone that looks at the subpoena, the numbers, and the IP addresses. It's just simply an inadvertent disclosure. And there's not a – What if it's negligent? What if there's – Are they pleading negligence? They don't plead any – let me – they don't plead any facts to support negligence. They do have a state law claim that says negligent disclosure, but there's no negligent disclosure cause of action under it. What's – Ordinarily, negligence and reasonableness are pretty synonymous. You can't be negligent if you act reasonably. You can be negligent if you don't act reasonably. Well, Your Honor, I think negligence is definitely not the standard Congress imposed because that's why they started with knowingly or intentional state of mind. Well, but you can't tell that from the language of the statute. Knowingly is far different. Knowingly means you know you acted as you did. And, you know, I mean, that's an accepted definition in the law. Your time is up unless somebody has another question for you. Okay. Thank you, sir. Thank you. Your rebuttal time, Mr. Greenwell. Thank you, Your Honor. If I may, I just want to address whether or not plaintiff pled that it was a mistake. That is not the case. If you look at the complaint, which is attached to the notice of removal, basically the information we had, Agent Warner said it was a mistake and that time Warner ran the wrong number. We don't know that. And I can stand here as a plaintiff and say I'd love to throw a lot more facts, or a plaintiff's attorney, I would love to plead a lot more facts. But at the stage you get these cases and at the development of the case, we can't possibly under our Rule 11 provide all the information we'd love to put in there. How under your theory of liability under the first count would a non-negligent disclosure be treated? Not even negligent. These people acted with any jury would find under my question that they acted reasonably. It just came up with the wrong number. Maybe some deep blue computer mistake caused it. Who knows? In that case, you would still under your theory find liability. Is that correct? I would. So that's strict liability. I mean, you can't say that. You can say, I don't want to use that word, but that's strict liability then, right? You're strictly liable under your theory for coming up with the wrong number regardless of negligence is what I'm hearing. I think you'd still have to do the objective subjective test on that. Well, you can do all the tests. I don't see how they would apply any differently. You can have all the good faith in the world, but you come up with the wrong number non-negligently, and you're still liable because you intentionally disclosed the wrong number. You intentionally disclosed, parentheses, the wrong number. But the intent, you say, relates only to the disclosure, the knowledge of what might happen from the disclosure and all of that. It doesn't relate to the content of the number. It might be a good rule. I mean, it might make those companies be super careful. That's the theory of strict liability is that it's a good rule. It makes car companies very careful when they design their cars. Strict liability. But it's a little bit disingenuous to say that's not strict liability, isn't it? Well, I mean, I guess I'm trying to read a statute which I find not. Right, but the way you're reading it is strict liability, though, isn't it, under normal use of the words? I would agree to a certain extent. However, you'd have to back up and say now these exceptions are swallowing the entire rule. I mean, at what point in time are you going to find a violation? I mean, this wasn't written. You find a violation when they say this is the wrong number. Here you go. That's intent. You know that it's the wrong number. As you pled, knowing, intentional, willful, wanton, malicious, and fraudulent. You might do any of those, and then you should get recovery according to that. I mean, let's back up then and try to figure out whether or not this is the appropriate stage in which to make that determination. It's a legal determination about what the nature of the conduct is. Right. And it seems to me we have, you know, one arguing that you have to know, and the other argument that you don't even have to be negligent. And it looks like it's possible, along the lines of what Judge Gibbons has been suggesting, that it was negligent. You know, maybe they were careless or not as careful as they should have been, given the consequences. That's what the Burnett Hand Formula and all it is. What's the burden and all that? But if you take negligence out of it and your only two choices are intent or strict liability, which seems to be, you're saying strict liability, they're saying intent. It seems like the language of the statute is closer to intent. I mean, if we get somewhere in between, you're still going to have to go beyond and get some subjective information about this person. I don't think there was enough from the pleadings or any of the attachments to go outside and determine that this, I mean, who knows who disclosed it? I don't even know that, and it's hard for me to stand here and argue without a clear set of facts in order to answer your question. And I would submit that it's probably somewhere in between, and I think negligence may be enough. Just briefly about the state law claims. Well, addressing Sam's really quick. Sam's was similar to the good faith exception in Leon. There ended up being a defect in the underlying subpoena. Therefore, they were relieved under the good faith reliance exception. However, that is not what happened in this case, and I would submit that it's distinguishable. And respectfully, I would request this honorable court to reverse the district court's opinion, remand it, and allow further discovery and a decision. Thank you. We'll consider the positions of both of you carefully in your arguments. Thank you, Your Honor.